**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| ANGEL A. CORTES, | : | |
| | : | Civil Action No. 16-1571 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| HUDSON COUNTY DEPARTMENT OF | : | |
| CORRECTIONS, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**WIGENTON**, District Judge:

Presently before the Court is Petitioner Angel A. Cortes's petition for a writ of habeas corpus challenging his pre-trial detention.  (ECF No. 1).  As Petitioner has paid the filing fee applicable to habeas petitions, this court is now required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  For the reasons set forth below, this Court will dismiss the petition without prejudice and deny Petitioner a certificate of appealability.

## I.  BACKGROUND

Petitioner, Angel A. Cortes, is a state pre-trial detainee currently incarcerated in the Hudson County Correctional Center while awaiting trial on charges including robbery, conspiracy, criminal restraint, unlawful possession of a weapon, possession of a weapon for an unlawful purpose, certain persons not to have weapons, aggravated assault with a firearm, possession of

dum dum bullets, and aggravated assault.   (ECF No. 1 at 2, Document 3 attached to ECF No. 1 at 1).   Plaintiff's current detention follows from his arrest at his home on January 9, 2014. (Document 3 attached to ECF No. 1 at 2).   On that date, police went to Plaintiff's apartment, and apparently witnessed him attempting to leave the building through an upper floor window.   (*Id.* at 3).   After Petitioner's sister opened the main door to the building, but before she had a chance to check if Petitioner was home in his upper floor apartment, the police entered the building, entered Petitioner's upper floor unit, searched Petitioner's home and seized stolen property found within the unit.   (*Id.* at 3-4).   Only after the search was conducted did the police ask for Petitioner's sister's consent.   (*Id.*).   Based on this information, Petitioner filed a motion to suppress the evidence seized in his home, and the state trial court granted that motion on or about March 23, 2015.   (*Id.* at 1-7).   Although an appeal of this ruling is apparently pending at this time (*See* ECF No. 1 at 7), Petitioner has not yet been convicted, nor presented any of his claims to the state appellate courts.

Petitioner now seeks to challenge his ongoing state court criminal prosecution by way of a habeas petition under 28 U.S.C. § 2241.[1]   In his Petition, Petitioner argues that this Court should dismiss his current state court charges on the basis of alleged speedy trial violations, ineffective assistance of counsel, and as a result of the trial court's failure to yet rule upon his motions to suppress his statement to the police and to rule that his arrest was illegal.   (ECF No. 1 at 7-9).

---

[1] Although the Clerk of the Court currently has this matter categorized as a petition for habeas corpus under 28 U.S.C. § 2254, Petitioner himself characterizes his petition as a § 2241 petition and it is clear that, as Petitioner is a state pre-trial detainee challenging his incarceration which does not arise out of a final criminal conviction, the proper mechanism for Petitioner's claims is a § 2241 petition.   *See, e.g., Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010).

## II.  DISCUSSION

### A.  Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).   Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."   Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."   *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### B.  Analysis

Petitioner is a pre-trial detainee seeking to challenge his ongoing criminal proceedings and continued pre-trial detention based on alleged constitutional violations, including speedy trial and Fourth Amendment claims.   Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees.   *Duran*, 393 F. App'x at 4 (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)).   "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-

trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46).   Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court."   *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit thus held in *Moore* that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present."   515 F.2d at 443.   Thus, where a petitioner fails to show exceptional circumstances, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court.   *Id.*

Here, Petitioner fails to present any exceptional circumstances which would warrant this Court's review of his claims prior to exhaustion other than his constitutional claims themselves, which are insufficient to establish exceptional circumstances.   *See Moore*, 515 F.2d at 446-47 (standard claims of constitutional violations, such as speedy trial claims, do not make out extraordinary circumstances).   It is likewise clear that Petitioner has not yet exhausted any of the claims he seeks to raise here and the sole claim he has tried to raise in the New Jersey Appellate Division remains pending.   As Petitioner has yet to exhaust his claims at trial and in the state appellate courts, as Petitioner presents no extraordinary circumstances sufficient to warrant this Court hearing his claims without exhaustion, and as Petitioner seeks to use this habeas petition to prematurely litigate his constitutional claims in this Court without first raising them in the state courts, this Court must dismiss this petition without prejudice at this time.   *Duran*, 383 F. Appx at 4; *Moore*, 515 F.2d at 443-46.

### III.   CERTIFICATE OF APPEALABILITY

Although appeals from petitions brought pursuant to 28 U.S.C. § 2241 by federal prisoners do not require a certificate of appealability, *see, e.g., Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006), because Petitioner is a state pre-trial detainee, he is required to obtain a certificate of appealability to the extent that he wishes to challenge this Court's dismissal of his petition as his habeas petition challenges detention which "arises out of process issued by a State court."   28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008).   In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to

deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, Petitioner's petition for a writ of habeas corpus (ECF No. 1) will be dismissed without prejudice and Petitioner will be denied a certificate of appealability. An appropriate order follows.

April 8, 2016                                             __s/ Susan D. Wigenton____
                                                          Hon. Susan D. Wigenton,
                                                          United States District Judge

6